*The letters testamentary under the Will of* JOHN ALEXANDER.

AN exemplified copy of a will, executed conformably to the *lex loci*, by a citizen of this State, temporarily absent therefrom, cannot be received by the Surrogate. The original will required.

THE SURROGATE. The decedent was a citizen of the State of New York, long resident in this city. During a

visit to New Orleans, he made there his olographic will, according to the laws of the State of Louisiana, an exemplified copy of which is now produced and offered here. The question arising is, whether an exemplified copy of a paper executed conformably to the *lex loci*, by a resident of this State, while temporarily absent therefrom, can be received by the Surrogate, and letters testamentary issued thereon. I do not think it can.

It is true that it results from this construction of our law, that a valid will of personalty within our State may be made by a non-citizen wherever he may chance to be, by executing it according to the law of his State, and that such a will may be proven here by producing a copy; while the will of a citizen of our State, made abroad, can only be proven by producing the original; but I have nothing to do with the wisdom or justice of the law, being confined to the duty of declaring it.

The counsel for the proponent has called my attention to the language of the Chancellor, in the matter of Catharine Roberts' will (8 *Paige, pp.* 446 and 519), in which it is held that " the better opinion appears to be that so far as regards the mere formal execution of the testament, it is sufficient, if it conforms to the law of the country where the will is made." I admit that such is the law, now well settled. If the proponent can produce the original will instead of this exemplification, I will allow her to prove that.